Benny ARAGON, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 5408.

Supreme Court of Wyoming.

May 4, 1981.

Michael H. Schilling, Wyoming Public Defender Program, Laramie, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division and Allen C. Johnson, Senior Asst. Atty. Gen., Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

THOMAS, Justice.

The appellant here questions the sufficiency of the evidence to support his conviction of the crime of robbery. The specified error is the failure of the trial court to grant his Motion for Judgment of Acquittal. The appellant contends that the victim's testimony of the events surrounding the robbery including her positive identification of the appellant, coupled with admissions made by the appellant to another inmate at the county jail, does not constitute sufficient evidence to sustain his conviction. We shall affirm the judgment and sentence entered in the trial court.

1.  Section 6–4–401, W.S.1977, provides:
    "Whoever forcibly and feloniously takes from the person of another any article of value, by

On March 7, 1980, a robbery occurred at a private residence in Sheridan, Wyoming. On March 12, 1980, the appellant, Benny Aragon, was charged in a Criminal Complaint with robbery in violation of § 6–4–401, W.S.1977.[1] An arrest warrant was issued on the same day, and on March 18, 1980, appellant was arrested. After a preliminary hearing on April 2, 1980, appellant was bound over to the district court for trial, and on April 7, 1980, an Information was filed charging the same offense as the Criminal Complaint.

Following his arraignment on April 15, 1980, the appellant moved for a continuance of his trial from the date for which it was set, June 18, 1980. On August 13, 1980, the case was tried to a jury. The jury returned a verdict of guilty the same day, and on September 15, 1980, the district court entered its Judgment and Sentence. The appellant was sentenced to a term of not less than 10 years nor more than 14 years in the State Penitentiary.

The district court instructed the jury on the elements of the offense as follows:
"The necessary elements of the crime of robbery are:
"1.  The crime occurred within the County of Sheridan on or about the 7th day of March, 1980; and that the Defendant
"2.  Took
"3.  Forcibly by the use of violence or putting in fear,
"4.  With the intent to steal,
"5.  Any article of value
"6.  From another person.
"If you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.
"If, on the other hand, you find from your consideration of all of the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the Defendant guilty."

violence or by putting in fear, is guilty of robbery, and shall be imprisoned in the penitentiary not more than fourteen (14) years."

The State of Wyoming meets this issue and argues, in addition, the sufficiency of the evidence to sustain the jury's finding of guilt.

The appellant states the issue in this appeal as follows:

"Whether the Trial Court erred in denying Appellant's Motion for Judgment of Acquittal since there was insufficient evidence by which a jury could reasonably conclude Appellant's guilt."

It appears from appellant's brief that the only element of the offense, as set forth by the district court in its instructions, which is in issue is the identity of the appellant as the perpetrator of the crime. The identification of the appellant by the victim is attacked, and that attack is bolstered by reliance upon the testimony of two alibi witnesses presented by the appellant. As noted, the specific error is premised upon the failure of the district court to grant the Motion for Judgment of Acquittal made by the appellant after the close of the State's case and renewed after the close of all of the evidence.

At the trial the victim testified to all of the elements of the crime of robbery as to which the jury was instructed. On March 7, 1980, she was at home in her residence in Sheridan County, Wyoming. There was a knock on the door. When she went to the door in response to the knock a young man pushed the door inward, forcing his way into the house. He had a woman's nylon stocking over his head, and she felt threatened. She attempted to push him out and screamed, whereupon he told her not to push him and he could kill her with three chops of his hand. He disconnected the telephone, and told her that he had a gun and he would not hesitate to use it.

The young man demanded money and she gave him $2.50 or $2.75, which was all the money she had in the house. She was frightened at that time, and she just wanted to give him the money and not be hurt.

He then demanded the location of her bedroom, which she showed to him. He found no other money there, and they came out of the bedroom into the hall. At that time she saw another man standing in the livingroom. She immediately recognized the other man as the appellant, Benny Aragon, and she said to him, "Ben, why you?"

At that time the appellant also had a woman's nylon stocking over his head, and she could not distinguish his features. He did not speak to her, although she said he exchanged conversation which she could not understand with the other young man. She testified unequivocally, however, that she recognized the appellant. She knew him because he had been employed for about four months at the plumbing firm where she also worked. She also had employed the appellant to mow her lawn on about three occasions. She was certain of her identification.

A second witness for the State testified that he had been in the county jail with appellant in March of 1980. At that time he talked with the appellant about the appellant's case. The witness testified:

" * * * [H]e [Aragon] told me that this lady was pressing charges on him for robbery—for robbing her and stuff, and that he did it but she didn't have no way of proving that he did it to her."

This witness also testified about a second conversation in which appellant told him:

" * * * [T]hat he knew her from there [the plumbing firm where both were employed] and that he wished—he was hoping he could get more money from her."

Counsel for the appellant at trial attacked the testimony of both witnesses on cross-examination, focusing, with the victim, on her opportunity to observe, including the distortion of the robber's features by the woman's nylon stocking as a mask; the failure to observe all the tattoos on the appellant's arms; and a discrepancy in the description which she furnished to the police officers. With the other witness the focus of cross-examination was on the benefits which the witness may have received in exchange for his testimony. While the witness did not admit making any deal, the credibility of the witness certainly was in issue.

With respect to eyewitness identification this court has said:

> "Identification of an accused, therefore, need not be positive in order to obtain a conviction. The witness need only testify that it is his belief, opinion or judgment that the accused committed the crime. The lack of positiveness goes only to the weight of his testimony, [citations].
>
> · * * * * * *
>
> "In particular, a defendant may be properly identified by a witness's recognition of his height and weight, size, movements, features, mannerisms and the clothing he was wearing at the scene of the crime, [citations]." *Johnson v. State*, Wyo., 562 P.2d 1294, 1297 (1977).

To the same effect is the holding in *Tucker v. State*, Wyo., 594 P.2d 470 (1979).

█ In this case the eyewitness testified that she was certain of her identification of the appellant, although cross-examination did disclose some inhibitions as to observation and discrepancies between a description given police officers and the actual physical characteristics of the appellant. Variations between the description given of a perpetrator and the actual physical characteristics of a defendant raise the question of accurate identification and go to the credibility and weight of the witness's testimony. These are matters solely within the province of the triers of fact. *Dreyer v. State*, Wyo., 540 P.2d 541 (1975); *Boyd v. State*, Wyo., 528 P.2d 287 (1974), cert. denied 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102. We do not on review weigh the testimony nor evaluate credibility. *Fitzgerald v. State*, Wyo., 601 P.2d 1015 (1979); *Tucker v. State*, supra; *Lewallen v. State*, Wyo., 536 P.2d 148 (1975).

█ Our responsibility in considering the propriety of a ruling on a motion for judgment of acquittal is the same as that of the trial court. *Cloman v. State*, Wyo., 574 P.2d 410 (1978). The question raised is the sufficiency of the evidence to sustain the charge, which is a matter to be determined within the sound discretion of the trial court. *Chavez v. State*, Wyo., 601 P.2d 166

(1979); *Montez v. State*, Wyo., 527 P.2d 1330 (1974). In making that determination the district court must assume the truth of the evidence of the State and give to the State the benefit of all legitimate inferences to be drawn from that evidence. If a prima facie case is demonstrated when the evidence is so examined, the motion for judgment of acquittal properly is denied. *Russell v. State*, Wyo., 583 P.2d 690 (1978). It is proper to grant a motion for judgment of acquittal only if there is no substantial evidence to sustain the material allegations relating to the offense that is charged. *Heberling v. State*, Wyo., 507 P.2d 1 (1973), cert. denied 414 U.S. 1022, 94 S.Ct. 444, 38 L.Ed.2d 313 (1973); *Fresquez v. State*, Wyo., 492 P.2d 197 (1971). Such a result is indicated if the evidence requires the jury to speculate or conjecture as to the defendant's guilt or if a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime when the evidence is viewed in the light most favorable to the State. *Chavez v. State*, supra; *Russell v. State*, supra.

█ Our examination of the evidence in this record according to the standard set forth above persuades us that the decision of the district court in denying the respective motions of the appellant was eminently correct. The view to be taken of the evidence, of course, is substantially the same as our oft-repeated rule with respect to the sufficiency of the evidence to sustain a conviction. We must accept as true the evidence of the prosecution, and give it every favorable inference which may reasonably and fairly be drawn from it while leaving out of our consideration any conflicting evidence presented by the defendant. In so doing in this instance we cannot improve upon the testimony of the victim in stating our conclusion. Like her, we must say, "Ben, why you?"

Affirmed.