**William E. COX, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5695**

Supreme Court of Wyoming.

Oct. 8, 1982.

Gerald M. Gallivan, Director, and Sandra G. Siel, Student Director (argued), Wyoming Defender Aid Program, Laramie, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Senior Asst. Atty. Gen., and Thomas E. Campbell, Cheyenne, Legal Intern (argued), for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

A jury found appellant guilty of violation of § 6–7–303, W.S.1977 [1], unlawful conversion by bailee. Appellant appeals from the judgment and sentence resulting therefrom, wording the issue on appeal as follows:

"WHERE DEFENDANT IS CHARGED WITH UNLAWFUL CONVERSION BY BAILEE AND A BAILEE IS DEFINED BY THE COURT AS 'ONE TO WHOM PERSONAL PROPERTY IS DELIVERED IN TRUST FOR SOME PURPOSE UNDER A CONTRACT, EXPRESS OR IMPLIED, THAT AFTER THE PURPOSE HAS BEEN FULFILLED THEY SHALL BE REDELIVERED TO THE BAILOR OR OTHERWISE DEALT WITH ACCORDING TO HIS TERM OF KEEPING UNTIL HE CLAIMS THEM,' WHETHER OR NOT EVIDENCE WHICH ONLY SHOWS RENTAL PAYMENTS IS SUFFICIENT AS A MATTER OF LAW TO FIND ONE A BAILEE."

We affirm.

Contrary to appellant's wording of the issue, the evidence contains far more than mere "rental payments" with reference to the bailment and conversion. On June 5, 1981, appellant rented a Miller Big 40 Welder from Acme Welding Supply Co. in Bismarck, North Dakota, and paid $425.00 for the first month's rent. There were no additional rental payments. On August 29, 1981, appellant placed the welder and the truck upon which it was mounted on an auction block in Natrona County. Both were sold on auction to Alan Ray Story for $6,500.00. The jury found the value of the welder to be $3,400.00, a value within the range of that testified to at the trial. Appellant received payment from Story on August 30, 1981. The Acme Welding Supply Co. invoice reflected that the welder

---

1. Section 6–7–303, W.S.1977, provides:

"If any bailee by finding or otherwise, of any money, bank bill or note, or goods or chattels, shall convert the same to his or her own use, with intent to steal the same, he shall be deemed guilty of larceny, in the same manner as if the original taking had been felonious, and on conviction thereof, shall be punished accordingly."

was "out on rent thru 5 Jul 81" to appellant for $425.00. The acting manager of Acme Welding Supply Co. at the time of the rental testified that under the "operating procedure" of the company, a person renting merchandise could purchase a machine rented by him if "he called up and/or came in and made arrangements."

At the close of appellee's case, appellant moved for a judgment of acquittal. The motion was denied, and appellant rested his case without presenting any evidence. Appellant states that his "sole argument on appeal is that his motion for acquittal was improperly denied."

■ In making a determination as to whether or not a motion for a judgment of acquittal was properly denied, we consider the state's evidence as true, together with all logical and reasonable inferences which can be drawn therefrom; and only if such consideration reflects that there is no substantial evidence to sustain the material allegations of the information can the trial court be said to have improperly denied the motion. *Russell v. State,* Wyo., 583 P.2d 690 (1978); *Leppek v. State,* Wyo., 636 P.2d 1117 (1981); *Aragon v. State,* Wyo., 627 P.2d 599 (1981); *Cloman v. State,* Wyo., 574 P.2d 410 (1978); *Opie v. State,* Wyo., 389 P.2d 684 (1964); *Chavez v. State,* Wyo., 601 P.2d 166 (1979).

■ Appellant argues that a bailment was not established by the evidence when measured against the court's instruction defining a bailment.[2] The instruction reads:

> "The jury is instructed that a 'bailee' is one to whom personal property is delivered in trust for some purpose under a contract, express or implied, that after the purpose has been fulfilled they shall be redelivered to the bailor or otherwise dealt with according to his term of keeping until he claims them."

2. Instructions not objected to become the law of the case. *Cox v. Vernieuw,* Wyo., 604 P.2d 1353 (1980); *Matter of Estate of Mora,* Wyo., 611 P.2d 842 (1980); *Gifford-Hill-Western, Inc. v. Anderson,* Wyo., 496 P.2d 501 (1972).

3. In *Fuchs v. Goe,* 62 Wyo. 134, 163 P.2d 783, 789, 166 A.L.R. 1329 (1945), we said:

Appellant argues that the evidence did not reflect a definite contract requirement for redelivery of the welder and that a bailment, thus, did not exist under such instruction.

This argument overlooks the words "express *or implied*" (emphasis added) and the words "or otherwise dealt with *according to his term of keeping*" (emphasis added) in the instruction. The lease agreement was oral except for the invoice which reflected the delivery of the welder and of other miscellaneous material, with the welder being "out on rent thru 5 July 81."

■ The jury could reasonably conclude from the evidence that the agreement required a continuous payment of monthly rentals during the time of possession of the welder and that it required an ultimate redelivery of the welder when appellant no longer made payments or no longer had need for it. A sale of the welder by appellant to a third party could reasonably be considered a failure to deal with the bailor "according to his term of keeping."

Appellant points to testimony that Acme could have sold the welder to him during the rental period and allowed credit against the purchase price for some of the rental payments if "he called up and/or came in and made arrangements" as evidencing a lack of a requirement for redelivery of the welder to the lessor. We fail to see how a lease with an option to purchase relieves the lessee from an obligation to redeliver the property to the lessor at the termination of the lease if the option was not exercised, let alone having such option ipso facto give authority to the lessee to sell the property to a third person—particularly when the terms of the agreement relative to monthly payments have been violated by the lessee.[3] In any event, the option did

> "The contract involved in this litigation was entitled as recited above as a 'lease.' But it was not a lease in which real property was included. What it really was, was a bailment for hire for the mutual advantage of the parties, i.e., a hiring of personal property for a

not exist in this case since appellant had not "called up and/or came in and made arrangements" for an option to purchase.

The trial court did not err in denying appellant's motion for acquittal inasmuch as substantial evidence had been presented to sustain the material allegations of the information, including the allegation of the existence of a bailment, as bailment was defined in the instructions.

Affirmed.

stated period of time and for a monthly sum of money for its use. A hiring of personalty for a fixed term is nevertheless a bailment although the hirer has an option to purchase the property before the expiration of the term. [Citations.] * * *"