472 P.2d 315

**STATE of Idaho, Plaintiff-Respondent,**

v.

**John BULLIS, Defendant-Appellant.**

**No. 10209.**

Supreme Court of Idaho.

July 20, 1970.

Rehearing Denied Aug. 17, 1970.

John Bullis, pro se.

Robert M. Robson, Atty. Gen., William D. Collins, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McQUADE, Justice.

Defendant-appellant, John Bullis, was tried and found guilty of burglary in the second degree in February, 1968. Judgment was rendered accordingly, and Bullis has brought this appeal from that judgment.

During the evening of June 14, 1967, a person or persons broke into and removed merchandise from Hessner's Furs in Boise. Access to the furrier's shop had been gained through a hole which had been made through a wall between Hessner's and an adjoining tailoring establishment. A man identified as Bullis was observed carrying two large bundles containing furs from the vicinity of the rear of the two stores after working hours during the late daylight period of the evening of June 14, 1967. Bullis was seen putting the bundles into an automobile and later seen transferring similar bundles from an identical automobile to a truck. The furrier testified that Bullis had entered the fur store approximately a week before the burglary and had stood near the area into which the burglars had entered and from which the stolen merchandise had been taken.

On July 14, 1967, the grand jury appeared before the district court and presented its indictment. Appellant's counsel appeared in court three days later and arraignment was continued to September 18, 1967, because Bullis was then in Nevada. On September 18, 1967, the defendant, through his counsel, requested that the arraignment be continued. Appellant's counsel stated that he would waive all claims to a speedy trial and the prosecuting attorney agreed to the further delay. On October 9, 1967, appellant and his counsel appeared before the court, appellant was advised concerning the charge filed against him, and a copy of the indictment was furnished to him. Appellant then requested additional time in which to enter a plea.

On October 16, 1967, appellant, through his counsel, requested an additional week in which to enter a plea, and the court continued the case to October 23, 1967. On October 20, 1967, appellant's counsel filed a demurrer and a motion to quash the indictment. On October 23, 1967, appellant moved for a bill of particulars. On October 30, 1967, the day set for the hearing of appellant's motions, Bullis filed an amendment to the demurrer and an amendment to the motion to quash the indictment.

On October 30, 1967, the district court denied the appellant's amended motion to quash the indictment, overruled his amended demurrer, and denied the motion for a bill of particulars. The deputy prosecuting attorney then moved to amend the indictment by inserting the words "Ada County" after the words "Boise City," and to change the charging code section stated on the face of the indictment from "I.C. § 18–1402" to "I.C. § 18–1401." The district court granted both motions and directed the clerk to amend the indictment by interlineation. Appellant then pled "not guilty." On November 6, 1967, the case was set for trial to be held on February 8, 1968.

On January 22, 1968, counsel for appellant argued a motion to withdraw as counsel. Appellant stated that it was his desire to have his attorney withdraw as counsel and that he intended to obtain new counsel. The deputy prosecuting attorney objected to the change of counsel if it would cause the trial setting to be vacated. Appellant

stated that a change of counsel would not interfere with the trial setting, and the district court then granted the motion to withdraw as counsel. On January 23, 1968, appellant stated that he was unable to obtain counsel, but, on January 26, 1968, Theron E. Roberts of the firm of Roberts & Poole appeared on behalf of appellant and was entered as counsel of record for him.

On February 1, 1968, appellant moved to vacate the trial setting, and the trial court denied his motion. On February 8, 1968, the action came to trial, at which time appellant again moved for a continuance contending that he and his new counsel had not had adequate time to prepare his defense. Appellant's motion was again denied.

At the conclusion of the trial, the jury returned a verdict "guilty as charged in the indictment." On February 14, 1968, appellant was sentenced to an indeterminate term not to exceed three years in the Idaho State Penitentiary.

■ Appellant in his first assignment of error contends that the district court should not have allowed the prosecuting attorney to have the indictment amended by the insertion of "Ada County" and change of the charging section "I.C. § 18–1402" to "I.C. § 18–1401." We do not agree with appellant's contention. It was not error to allow these amendments. I.C. § 19–1419 provides that no indictment is insufficient by reason of any defect in matter of form which does not prejudice a substantial right of a defendant. I.C. § 19–1418 sets out the requisites for a sufficient indictment:

"19–1418. *Sufficiency of indictment.* —The indictment is sufficient if it can be understood therefrom:

1. That it is entitled in a court having authority to receive it, though the name of the court be not stated.

2. That it was found by a grand jury of the county in which the court was held.

3. That the defendant is named, or, if his name can not be discovered that he is described by a fictitious name, with a statement that his true name is to the jury unknown.

4. That the offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein.

5. That the offense was committed at some time prior to the time of finding the indictment.

6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

7. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon conviction, according to the right of the case."

The indictment in this case sets out clearly and in language easily understood the facts sufficient to establish the jurisdiction of the district court, and the act or omission constituting the offense of which Bullis was convicted. The change in code sections, from I.C. § 18–1402 which describes the difference between burglary in the first degree and burglary in the second degree to I.C. § 18–1401 which defines the crime of burglary in general did not have the effect of changing the offense with which appellant was charged. It was easily ascertained, both before and after the amendments of which appellant complains, what offense appellant allegedly committed and where it occurred. No substantial right of appellant having been affected by the amendments and because the unamended indictment was initially substantially

sufficient under I.C. §§ 19–1418, 19–1419, the trial court did not err in allowing the amendments which concern matters of form only.[1]

Appellant's second assignment of error is that the grand jury found the indictment solely upon hearsay and secondary evidence in violation of I.C. § 19–1105.[2] The basis for this assignment is that, according to the endorsement on the indictment, the only witness heard by the grand jury was a police detective who investigated the burglary. The detective was not, however, a witness to any of the circumstances surrounding the crime. Appellant argues, therefore, that the detective could not have described enough of the circumstances to allow the grand jury to have found that there was reasonable ground for believing that Bullis had committed the burglary with which he was charged unless it had done so on the basis of hearsay evidence.

Appellant has presented no record on appeal of what evidence was before the grand jury. I.C. § 19–1102 only requires that the grand jury find "that there is reasonable ground for believing that a particular individual named or described [in the presentment] has committed [a certain public offense.]" Absent a record there is no indication of the contents of the detective's testimony. Nor is there any indication of what, if any, depositions or affidavits of other prosecution witnesses were before the grand jury pursuant to I.C. § 19–1105. In the absence of a record on appeal we will not speculate that the proceedings and deliberations of the grand jury were irregular or unlawful.[3]

Appellant, in his third assignment of error, argues that there was not a necessary quorum of grand jury members present when the indictment was found against him. I.C. § 2–502 provides that sixteen persons shall constitute a grand jury, but that only twelve of them shall constitute a quorum. Appellant asserts that only fifteen members of the grand jury were present to indict him, the sixteenth having died between the time of the constitution of the grand jury and the finding of the indictment. Because more than twelve grand jurors were present when the indictment was found there was a quorum present under the language of I.C. § 2–502.

Appellant alleges that the lack of a transcript of the grand jury's proceedings constituted prejudicial error. I.C. § 19–1112 declares that grand jury proceedings must be secret, except for certain specific exceptional instances not here relevant. I.C. § 18–4403 makes it a misdemeanor for any grand juror to disclose any part of the evidence or deliberations of the grand jury

1. "[I.C. §] 19–1420. *Amendment of indictment.*—An indictment or information may be amended by the prosecuting attorney without leave of the court, at any time before the defendant pleads, and at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An information or indictment can not be amended so as to charge an offense other than that for which the defendant has been held to answer."

2. "19–1105. *Evidence receivable by grand jury.*—In the investigation of a charge for the purpose of either presentment or indictment, the grand jury can receive no other evidence than such as is given by witnesses produced and sworn before them except as hereinafter provided, or furnished by legal documentary evidence, or the deposition of a witness in the cases provided by this code. The grand jury can receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence, but no witness whose testimony has been taken and reduced to writing on a preliminary examination must be subpoenaed or required to appear before the grand jury, until such testimony has been first submitted to and considered by the grand jury, but if such testimony has been lost or can not be found, or if the grand jury after considering the same still desires the presence of any such witnesses, they may be subpoenaed."

3. *See, e. g.,* State v. Stevens, 93 Idaho 48, 53, 454 P.2d 945, 950 (1969); State v. Mundell, 66 Idaho 297, 304, 158 P.2d 818 (1945).

unless required to do so by a court. Each of these statutes serves the general legislative purpose that grand jury proceedings be secret. This secrecy protects witnesses, grand jurors, and the accused from the pressures which may flow from publicity concerning the important work of the grand jury. It was not error to maintain that secrecy by not making a transcript of a grand jury proceeding in this case.

■ Appellant argues that a motion to quash the indictment should have been sustained because the grand jury was composed entirely of Caucasion middle-class persons and because other races and economic classes were systematically and arbitrarily excluded from membership in the grand jury. There is literally absolutely nothing in the record to support this allegation. We are unable, therefore, to consider this alleged error on this appeal.[4]

■ Appellant, in his sixth assignment of error contends that the evidence presented at trial was insufficient to support a conviction under the indictment. His first contention under this assignment is that the burglary victim, Mr. Hessner, failed to describe or to assign a value to the items burglarized from his store. I.C. § 18–1401 defines the crime of burglary,[5] and it does not require the theft of any quantity or quality of personal property.[6] All that needs to be proved under that statute is the entry into one of several named structures "with intent to commit grand or petit larceny or any felony * * *." Mr. Hessner testified, in effect, that a person or persons had entered his shop in a highly unusual manner (by punching a crowbar through a wall) and had committed either grand or petit larceny. This is more than sufficient to establish an entry with intent to commit larceny.[7] I.C. § 18–4601 defines larceny and that is the crime which was accurately set out in concise language on the face of the indictment and of which the appellant was convicted. There was, therefore, no failure of the evidence in this respect.

■ ■ Appellant also contends that there was no evidence to connect him with the crime. He was, however, seen leaving the scene of the crime at approximately the time it was committed carrying what appeared to be the fruits of the crime in quantities unusual for any person other than a furrier to carry. This evidence that defendant was in possession of unidentifiable property of the same general description as recently stolen property, which property was of a kind and in a quantity which a single individual not a furrier would normally not have, at the location of the burglary and at approximately the time it was committed was sufficient to support the jury's verdict in this case.[8] The judgment of conviction being supported by substantial, competent evidence, will not be disturbed on appeal.[9]

■ Appellant's eighth assignment of error alleges that he was denied effective assistance of counsel, because the trial court denied his motion for a continuance in order to prepare a proper defense after he had changed counsel. The State correctly points out that appellant, at the time the district court allowed his first counsel to withdraw, stipulated that the withdrawal

4. See cases, supra note 3.
5. "18–1401. Burglary defined.—Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, closed vehicle, closed trailer, airplane or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary."
6. State v. Johnson, 77 Idaho 1, 12, 287 P.2d 425, 51 A.L.R.2d 1386 (1955).
7. See State v. Peterson, 87 Idaho 147, 151, 152, 391 P.2d 846 (1964); Ex Parte Seyfried, 74 Idaho 467, 469–470, 264 P.2d 685 (1953); State v. Bull, 47 Idaho 336, 342, 276 P. 528 (1929).
8. See State v. Price, 93 Idaho 615, 469 P.2d 544 (1970); State v. Ponthier, 92 Idaho 704, 449 P.2d 364 (1969).
9. State v. Ponthier, supra, 92 Idaho, at 708, 449 P.2d, at 368; State v. Ross, 92 Idaho 709, 717, 449 P.2d 369, 377 (1968).

of his first counsel would not affect the date of the trial setting. Furthermore, there was no showing made as to the necessity for such continuance. The granting of a motion for a continuance is in the sound discretion of the trial court and will be upheld in the absence of abuse of that discretion.[10] The district court did not abuse its discretion in holding appellant to his stipulation.

We have examined all of appellant's assignments of error and we are unable to find prejudice to his substantial rights in them.

Judgment of conviction affirmed.

McFADDEN, C. J., and DONALD-SON, SHEPARD, and SPEAR, JJ., concur.

---

10.   State v. Polson, 92 Idaho 615, 622, 448 P.2d 229, 236 (1968).