Argued October 29, 1971, affirmed January 6, petition for rehearing denied January 26, petition for review denied February 29, 1972

# STATE OF OREGON, *Respondent, v.* AARON ROGER HAZELETT, (No. C-59823), *Appellant.*

492 P2d 501

*Francis F. Yunker,* Portland, argued the cause for appellant. With him on the briefs was Darrell E. Bewley, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Defendant was convicted of first degree murder, sentenced to life imprisonment and appeals. He assigns as error the refusal of the court to remove from the jury's consideration felony murder as a basis for the first degree murder conviction and he claims the court erred in submitting to the jury two separate theories: (1) felony murder, and (2) premeditated murder, instructing them that it was not necessary that they all concur as to whether the defendant committed felony murder or premeditated murder so long as they unanimously concurred that defendant was guilty beyond a reasonable doubt of first degree murder.

The defendant was indicted for premeditated first degree murder. At the time of trial evidence was also produced of felony murder in an attempt to commit rape. From statements made by defendant[1] there

---

[1] *Miranda* (Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966)), warnings were given and no challenge is made in that connection.

was evidence that defendant accompanied the victim outside the home where she was staying, ostensibly they were to obtain a cigarette from an individual asleep in a car in the driveway. Defendant and deceased had an altercation in which defendant struck deceased in the Adam's apple with his fist and then picked up a bumper jack and struck her on the head, knocking her to the ground. He then dragged her a short distance, removed her slacks and panties, spread her legs, dropped his pants and got on top of her. Thereafter, he got up and pulled up his pants. A car then came by and he was frightened. The victim was twitching and he struck her again with the jack and then left. The defendant stated he did not get an erection nor try to make entry though "* * * he thought about it." Deceased's bloody body was discovered a few hours later in the driveway.

■ Defendant's first assignment claims there was insufficient evidence that he had any intent to rape or had committed any overt act fairly designed to effectuate a rape. We disagree. The evidence recited above was more than adequate to support the submission to the jury of the instruction on felony murder, the gist of the instruction being that if the defendant killed the victim in the commission of or attempt to commit forcible rape, that is the equivalent of finding deliberate and premeditated malice and is first degree murder.

■ Defendant's second assignment of error urges the court should not have instructed that the jury need not unanimously agree whether the killing was premeditated or felony murder, as long as they unanimously agreed defendant was guilty of first degree murder. Defendant urges that under this instruction

half of the jury could agree that the killing took place in an attempted rape and half could agree instead that it was a case of premeditated murder and thus it would not be the verdict of the 12.

In some cases it would be error to permit a jury to convict based on part of their number finding one set of facts to be true and part believing another set of facts to be true. For example, in *State v. Ewing,* 174 Or 487, 149 P2d 765 (1944), a sodomy prosecution in which the state's case included evidence of numerous acts of sodomy, the court said:

"* * * We are of the opinion that error was committed in the failure of the court to require a specific election at some time prior to the final rebuttal argument of the prosecution and that the instructions of the court erroneously failed to impose the necessary limitations upon the jury and did, in fact, permit them to consider any of the alleged prohibited acts as being the act charged in the indictment. As a result, it is entirely possible that some of the jurors may have found the defendant guilty of one of the prohibited acts, while others relied upon some other and different alleged act." 174 Or at 496.

This is not such a case. Here, there was only one act charged and proved—the act of taking the life of the victim. Whether this was done with premeditation or while attempting rape related to the defendant's mental state, and did not relate in any way to the act charged. Since the legal effect of committing the act is the same whether done with premeditation or while attempting rape, there is no reason to require the jury to unanimously agree on which of the two possible mental states, both equally culpable, defendant possessed at the time of the murder charged.

48

This issue was decided adversely to defendant in *State v. Reyes*, 209 Or 595, 621-622, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957), where the court said:

"The motion to elect was likewise devoid of merit. If under this indictment evidence could be received of a felony murder—the question next to be considered—, and, if such evidence was received as well as evidence which showed a premeditated killing, the state was entitled to have the jury instructed on both theories. There is no inconsistency between them. *Sharpe v. The State*, 17 Tex App 486, 512; *People v. Sullivan*, 173 NY 122, 65 NE 989, 63 LRA 353, 93 Am St Rep 582. In the latter case Judge Cullen, speaking for the court, said:

" '* * * There was but a single crime charged in the indictment against the defendant, —that of murder in the first degree; and the only issue to be determined by the jury was whether the defendant had been guilty of that crime. Under our statute (Sec. 183, Penal Code), so far as applicable to the case before us, proof, either that the defendant killed the deceased with a deliberate and premeditated design to effect his death, or while the defendant was engaged in the commission of a felony or an attempt to commit a felony, though without any design to take life, established his guilt of the crime charged. "It is not necessary that a jury, in order to find a verdict, should concur in a single view of the transaction disclosed by the evidence. If the conclusion may be justified upon either of two interpretations of the evidence, the verdict cannot be impeached by showing that a part of the jury proceeded upon one interpretation and part upon the other." *Murray v. New York L. Ins. Co.*, 96 N.Y. 614, 48 Am. Rep. 658.'

"Only one crime could be proved or sought to be proved as a basis for conviction under the indict-

ment. State v. Evans, 109 Or 503, 508-509, 221 P 822. * * *"

Contrary to defendant's position, the crux of the court's holding is that where the single crime of first degree murder is charged, guilt may be established under either the felony murder theory or premeditated murder theory and it is immaterial that some members of the jury may have believed him guilty of premeditated murder while others may have believed him guilty of felony murder. This is also the general rule elsewhere. *People v. Chavez,* 37 Cal 2d 656, 234 P2d 632, 641-642 (1951); *State v. Souhrada,* 122 Mont 377, 204 P2d 792, 796 (1949); *People v. Sullivan,* 173 NY 122, 65 NE 989, 990, 63 LRA 353, 93 Am St Rep 582 (1903); *State v. Flathers,* 57 SD 320, 232 NW 51, 52-53, 72 ALR 150 (1930); 40 Am Jur 2d 746-747, Homicide § 495 (1968); Annotation, 72 ALR 154 (1931).

The civil cases cited by defendant in support of his position[®] involve a different situation. In each of them the concurrence of nine jurors on all the issues involved (liability, amount of general damages and amount of special damages) was held essential before a verdict could be returned into the court. Here, under both *Reyes* and the general law elsewhere, the jury was entitled to return a verdict of guilty of first degree murder under either of the theories submitted to them.

Affirmed.

---

[®] Clark v. Strain et al, 212 Or 357, 319 P2d 940 (1958); Shultz v. Monterey, 232 Or 421, 375 P2d 829 (1962).