521 P.2d 1028

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James Robert LISTON, Defendant-Appellant.**

No. 11027.

Supreme Court of Idaho.

April 26, 1974.

———◆———

Howard I. Manweiler, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., Wayne G. Crookston, Jr., James P. Kaufman, Asst. Attys. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Appellant, James Robert Liston was charged with and convicted of the felony of burglary in the first degree by entering The Bazaar with intent to commit larceny.

On the night of February 19, 1971, around 10:30 p. m., the Boise City Police responded to a call from a bonded policeman concerning a possible burglary of The Bazaar, a Boise department store. After arriving at the store, the police systematically searched the interior and found a swinging gate leading to the manager's office propped open and a door forced open on the second floor. The store manager who joined the police during their search testified that the gate was always closed and that the door was in good repair that evening when he left the store.

After searching each of the store's floors the police extended their search to the roof. The Hotel Manitou, which is adjacent to the Bazaar, shares a common roof with the Bazaar; of the two buildings, only the hotel's fire escape in the alley reaches the roof. While an officer climbed the hotel's fire escape, Officer Marcum accompanied by the store manager proceeded from the store's top floor by way of a ladder through the store's elevator shaft to a door which opens onto the roof. This is the only route from the Bazaar's interior to the roof.

Officer Marcum, before opening the rooftop door, noticed that two spring bolt locks in the top and bottom center of the door were not functioning. He also discovered that a hook and eyelet lock similar to those used on screen doors, only much larger, had been ripped loose. Officer Marcum searched the Bazaar's roof, and then, aided by another officer, searched the adjoining roof of the Hotel Manitou where he found the defendant crouched behind an air conditioner. The defendant was arrested and charged with burglary in the first degree. No burglar tools were found, and nothing was found missing from the store.

While the officers were searching the store's interior, two other police officers who were parked in their car in a parking lot behind the Bazaar observed a person exit the elevator shaft door. They testified that this person wore a brown or tan jacket. The arresting officers described the defendant as wearing a "goldish-brown" jacket, a dark blue stocking cap, black trousers, and a gold sweater with horizontal red or orange stripes.

After a jury found the defendant guilty as charged, the district court entered a judgment of conviction and sentenced the defendant to the state penitentiary for a term not to exceed three years. The defendant then appealed from that judgment.

This appeal raises two related issues: whether there is proof of entry into the Bazaar and whether the defendant had the requisite intent to commit either grand or petit larceny. Burglary is defined as:

> "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, closed vehicle, closed trailer, airplane or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary." I.C. § 18–1401.

See, State v. Bullis, 93 Idaho 749, 472 P.2d 315 (1970).

We have reviewed the record and found sufficient evidence from which the jury could have concluded that defendant entered the Bazaar with the requisite intent to commit either grand or petit larceny.

The judgment of conviction is affirmed.

DONALDSON, McQUADE and BAKES, JJ., concur.

SHEPARD, Chief Justice (dissenting).

I dissent from the conclusion of the majority opinion that there was in this case sufficient evidence from which the jury could have concluded that the defendant had the intent to commit either grand or petit larceny, or any other felony. I agree with the majority that the state introduced evidence, albeit slim, on the basis of which the jury could have concluded that the defendant at one time was in the building. The circumstantial evidence might have been construed by the jury to indicate that the defendant had probably broken open the rooftop door to gain entrance.

The more difficult question presented, however, is whether it may be presumed that since the defendant was once in the store he had the intent to commit larceny or another felony. If the defendant were apprehended in the store, such presumption might have some validity, but here the evidence discloses that the defendant entered the building and thereafter left it, and insofar as the record discloses took nothing from the store. Nothing from the store was found in his possession, nor in any other place outside the store. Nothing was established to be missing from the store. Thus I believe if there was a presumption of intent to commit larceny it was rebutted by the state's own evidence.

In my opinion, therefore, the evidence at best showed that the defendant had broken and entered the store. I do not believe the record sustains the conviction of burglary.