**Larry James LEPPEK, a/k/a Kenneth Verl Hart, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5521.**

Supreme Court of Wyoming.

Dec. 4, 1981.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Michael H. Schill-

ing, Appellate Counsel, Wyoming Public Defender Program, and Steven E. Weerts, Student Director, Wyoming Defender Aid Program, Laramie, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Senior Asst. Atty. Gen., Dennis C. Cook, Legal Intern, Cheyenne, and Rick Anderson, Powell, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-defendant was found guilty, after a jury trial, of burglary in violation of § 6–7–201, W.S.1977.[1] On appeal from the judgment and sentence, the appellant contends that the district court erred in denying appellant's motion for judgment of acquittal because (1) the evidence of intent to steal is not sufficient to sustain the burglary conviction and (2) it is impossible to commit the crime of burglary of a business establishment during the time it is open to the general public.

We affirm.

The Amended Information charged that the appellant:

" * * * did unlawfully enter or attempt to enter a room within a building or dwelling without the consent of the person in lawful possession and with the intent to steal, namely that Larry James Leppek, a/k/a Kenneth Verl Hart, did enter the basement of the Skyline Drug store located on Bent Street in Powell, Park County, Wyoming, without the consent of Ken Witzeling [sic], the owner thereof, with the intent to steal, in violation of § 6–7–201, W.S.1977, a FELONY. (maximum penalty 14 years)"

1. Section 6–7–201, W.S.1977 provides in pertinent part:

  "(a) Whoever, intentionally enters, or attempts to enter, any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than fourteen (14) years:

  "(i) Any building or dwelling; or

  * * * * * *

  "(v) A room within any of the above.

  * * * * * *

The fact that appellant entered Skyline Drug through the rear entrance[2] is not contested. This entrance is located on the alley behind Skyline and opens into the store's freight room. From the freight room, there is an entrance into the store's retail sales area. There is also a stairway which leads from the freight room into the basement storeroom. At the time appellant entered Skyline, it was open for business.

Shortly after appellant entered the freight room, Mr. Carnley, a store employee, saw him standing in a small alcove located between the stairway to the basement and the entrance to the retail sales area. Thereafter, appellant entered the retail sales area where he purchased a pack of cigarettes. Then, he returned to the freight room.

Carnley noticed appellant re-entering the freight room, and he followed him. As Carnley neared the entrance to the freight room, he heard the door leading to the alley open and close quickly. Then he heard the sound of footsteps on the stairs leading to the dark basement. Carnley looked into the freight room and waited a short time for the basement lights to come on. They didn't.

At that point, Carnley was joined by Mr. Witzling, the owner of Skyline. Together they went into the basement, turning on the lights as they went. After searching most of the basement, Carnley found appellant kneeling behind a four-foot high counter with his head down. Carnley asked appellant if he could help him, and appellant replied by saying "boo" and laughing. Upon being asked what he was doing in the

  "(c) For the purpose of this section, entry into a place during the time when it is open to the general public is with consent."

2. There was considerable testimony concerning whether or not the rear entrance was used by the general public. However, this evidence is not material since appellant was charged with the intentional entry of the basement room of Skyline Drug and not the freight room. The rear entrance gave access to the building itself through the freight room.

basement, appellant replied that he was just fooling around. Appellant later told Witzling and the investigating police officer that he had been unable to open the back door and had gone into the basement looking for a way out.

Appellant was escorted back to the freight room and left with Carnley while Witzling went to call the police. Appellant pushed Carnley away from the back door and ran into the alley. However, Carnley was able to grab and detain appellant in the alley until Witzling arrived. Together they pulled him back into the store. When the police arrived, appellant was arrested. The rear door was found to open freely when it was checked by the police.

## SUFFICIENCY OF EVIDENCE

The defendant contends that the district court erred in denying the motion for judgment of acquittal because there was insufficient evidence of intent to steal. Intent to steal is an essential element of burglary. Section 6–7–201(a), W.S.1977.[3]

■ In reviewing the denial of a motion for judgment of acquittal, we examine and accept as true the evidence of the prosecution together with all logical and reasonable inferences to be drawn therefrom, *Aragon v. State*, Wyo., 627 P.2d 599, 602 (1981); *Chavez v. State*, Wyo., 601 P.2d 166, 168 (1979); *Russell v. State*, Wyo., 583 P.2d 690, 694 (1978), leaving out entirely the evidence of the defendant in conflict therewith, *Grabill v. State*, Wyo., 621 P.2d 802, 803 (1980); *Chavez v. State*, supra; *Russell v. State*, supra.

■ A motion for judgment of acquittal is to be granted only when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime. Or, stated another way, if there is substantial evidence to sustain a conviction of the crime, the motion should not be granted. *Aragon v. State*, supra; *Chavez v. State*, supra. This standard applies whether the

supporting evidence is direct or circumstantial. *Cloman v. State*, Wyo., 574 P.2d 410, 416 (1978); *Johnson v. State*, Wyo., 562 P.2d 1294, 1297 (1977). See also *Blakely v. State*, Wyo., 542 P.2d 857, 863 (1975); *Harris v. State*, Wyo., 487 P.2d 800, 801 (1971).

■ Under this standard of review, there was substantial evidence in this case of intent to steal at the time the appellant entered the basement. Appellant was found kneeling behind a counter with his head down, and he later attempted to flee. As we have said:

> " * * * Flight or hiding will, under the proper circumstances, be sufficient evidence from which a jury might properly infer an intent to steal. *State v. Liston*, 1974, 95 Idaho 849, 521 P.2d 1028; 12 C.J.S. Burglary, § 55; and see generally cases digested at West's Digest System, Burglary, Key Number 41(3). * * * " *Mirich v. State*, Wyo., 593 P.2d 590, 593 (1979).

Additionally, the fact that appellant opened and closed the rear door just before going into the basement evidenced his intent to cause a belief that he had left the store, and thus allow a surreptitious entry into the basement.

Also, the basement was dark when appellant entered it. It is difficult to perceive a legitimate purpose or intent for one to enter a stranger's darkened basement. The jury could have reasonably concluded from the evidence in this case that appellant had the requisite intent to steal when he entered the basement of Skyline Drug.

## CONSENT TO ENTRY

■ Appellant also contends that he was entitled to "a judgment of acquittal because under Wyoming law it is impossible to commit the crime of burglary of a business establishment open during regular hours." One of the elements of burglary is the entry, or attempted entry, of a *place* without the consent of the person in lawful possession.[4] Section 6–7–201(c)[5] provides

---

**3.** Supra, footnote 1.

**4.** Section 6–7–201(a), supra, footnote 1.

**5.** Supra, footnote 1.

that the entry into a place during the time it is open to the general public is with consent. Therefore, for appellant to be entitled to a judgment of acquittal, the basement storeroom, the place he entered,[6] would either have had to be open to the general public or appellant would have had to have the consent of the person in lawful possession of the premises to enter the basement storeroom. Neither of these conditions existed.

The basement was a storeroom. It was kept unlighted. There was no purpose for the general public to have access to it. The store owner testified that they didn't "allow people to go down in the basement."

Nor did appellant have the consent of anyone in lawful possession to enter the basement. Mr. Witzling testified:

"Q. You gave no one permission to go down there [into the basement]?

"A. No.

"Q. More specifically, did you give the defendant, Mr. Leppek or Mr. Hart, permission to go down into the basement?

"A. No.

"Q. Does anybody have permission to go in the basement besides your employees?

"A. No. We have salesmen come in the store and primarily they will notify uspri-

or [sic] to coming. There is no reason for them to go to the basement. If they do go, I usually go with them or one of the employees, whatever the line might be, but we just don't allow people to go down in the basement." (Bracketed material added.)

Mr. Carnley also testified that only employees of Skyline and those selling merchandise to Skyline when accompanied by Skyline employees were allowed in the basement. He testified that he had not given the appellant permission to enter the basement.

There was sufficient evidence of intent to steal to sustain the conviction of appellant on the burglary charge, and the place appellant is charged to have entered was not open to the general public so as to preclude the charge of burglary upon entering therein.

Affirmed.

---

6. Section 6–7–201(a)(i) and (v), supra, footnote 1.