Roy T. JACOBS, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 5603.

Supreme Court of Wyoming.

March 2, 1982.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Laramie, and Sylvia Lee Hackl, Asst. Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., and Dennis C. Cook, Legal Intern, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-defendant was found guilty after a trial to the court of the crime of burglary in violation of § 6–7–201(a)(iii), W.S.1977.[1] He appeals from the resulting judgment and sentence, alleging reversible error in the denial of his motion, made at the close of the State's case, for judgment of acquittal on the ground that there was insufficient evidence upon which to base a conviction for burglary, either as a principal or as an accessory.[2]

We affirm.

We recently said:

"In reviewing the denial of a motion for judgment of acquittal, we examine and accept as true the evidence of the prosecution together with all logical and reasonable inferences to be drawn therefrom, [citations] leaving out entirely the evidence of the defendant in conflict therewith, [citations].

"A motion for judgment of acquittal is to be granted only when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime. Or, stated another way, if there is substantial evidence to sustain a conviction of the crime, the motion should not be granted. [Citations.] This standard applies whether the supporting evidence is direct or circumstantial. [Citations.]"

1. Section 6–7 -201, W.S.1977, provides in pertinent part:

"(a) Whoever, intentionally enters, or attempts to enter, any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than fourteen (14) years:

\* \* \* \* \* \*

"(iii) An enclosed portion of any automobile, vehicle, or aircraft; or"

2. Section 6–1–114, W.S.1977, provides:

"Every person who shall aid or abet in the commission of any felony, or who shall counsel, encourage, hire, command, or otherwise procure such felony to be committed, shall be deemed an accessory before the fact, and may be indicted, informed against, tried and convicted in the same manner as if he were a principal, and either before or after the principal offender is convicted or indicted or informed against; and upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

*Leppek v. State*, Wyo., 636 P.2d 1117, 1119 (1981).

The evidence in this case to be viewed in accordance with this standard is as follows:

At about 11:00 p. m. on December 21, 1980, a Casper police officer saw three individuals walking in the upper levels of the city's five-story downtown parking structure. They were carrying a dash-mounted tape deck and several boxes of tapes which had been taken from the locked automobile of Robert Gregory. He had parked the automobile on the top level of the parking structure while attending a movie. Entrance to the automobile was obtained by prying open the door. When the three individuals saw the police officer, they dropped the tape deck and boxes of tapes and fled. After a chase through the structure and downtown Casper, the officer apprehended appellant. After being advised of his rights as provided by the holding in *Miranda v. State of Arizona*, and its three companion cases, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1965), *California v. Stewart, reh. denied,* 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966), and after signing a written waiver of such rights, the police officer questioned him concerning the incident. The officer testified:

"A. I asked him what had been going on, and he told me that the other subjects and him had been looking to get a fan belt for his car. And I asked him what about the tape cases, and he said that to get him the fan belt they had told him to wait up or to stay up on the fifth floor, on the top floor and watch the entrance as a lookout, to stay and look for any cars coming in."

Thus, the evidence placed appellant at the scene of the burglary with two others. He acted as a lookout. He was leaving the scene with some of the stolen items in his possession. And he attempted to avoid apprehension by fleeing. There was substantial evidence upon which a reasonable fact finder could conclude beyond a reasonable doubt that all essential elements of the crime were established. That said in *Downs v. State*, Wyo., 581 P.2d 610, 615 (1978) is applicable to this case:

"Several facts lead to the conclusion that the jury, beyond a reasonable doubt, was justified in placing guilt upon the defendant. The most condemning fact was his possession of recently stolen property, a subject upon which this court has recently spoken. In *Newell v. State*, Wyo. 1976, 548 P.2d 8, 13, a burglary case, it was said:

"' * * * The most significant and material evidence of defendant's guilt is his possession of the stolen property. Possession is a strong circumstance tending to show guilt and only slight corroborative evidence of other inculpatory circumstances is required. *Orcutt v. State*, Wyo.1961, 366 P.2d 690, 692–693.'

"That being the settled rule, we need find in this case only the slight 'other inculpatory circumstances.' They are more than slight.

"The defendant had the opportunity to commit the crime charged. By opportunity is meant that he was in the immediate vicinity of the building for a day or two before commission of the crime. Evidence of opportunity to commit the crime is a link which considered with other incriminating facts may establish the guilt of the defendant. *Jones v. State*, Wyo.1977, 568 P.2d 837. * * * " (Footnotes omitted.)

" * * * Flight or hiding will, under the proper circumstances, be sufficient evidence from which a jury might properly infer an intent to steal. * * * " *Mirich v. State*, Wyo., 593 P.2d 590, 593 (1979). See also *Jones v. State*, Wyo., 568 P.2d 837, 845 n.10 (1977).

"It is suggested that evidence of opportunity alone to commit the crime does not satisfy the prosecution's burden of proof that an accused actually committed the act. *State v. Morris*, 1929, 41 Wyo. 128, 283 P. 406, 414. It is also true, however, that evidence of opportunity to commit the act is a link, which considered in connection with other incriminating facts, may prove circumstantially that an ac-

cused did commit the alleged crime. [Citations.]" *Jones v. State*, supra, 568 P.2d at 845.

Here there was not only opportunity, there was not only flight, and there was not only possession of stolen property. There were all of these. In addition appellant acknowledged that he was acting as a lookout for the other two individuals, albeit in their effort to obtain a fan belt rather than a tape deck and tapes.

It is true that there was no evidence that appellant entered Gregory's automobile. But such was unnecessary for a conviction under the circumstances of this case.

"Since this statute [3] provides that an aider and abettor is to be 'informed against, tried and convicted in the same manner as if he were a principal,' no distinction is made between aider and abettor and principal; thus an aider and abettor is guilty of the principal crime. Proof of either participation is sufficient to convict a defendant as a principal and it is not necessary that the information refer to the aiding and abetting statute. [Citations.]" *Hawkes v. State*, Wyo., 626 P.2d 1041, 1043 (1981).

Affirmed.

---

3.  See footnote 2.