**Ralph FIFE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 83–132.

Supreme Court of Wyoming.

Feb. 2, 1984.

Leonard D. Munker, State Public Defender, Wyoming Public Defender Program, Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne,

Gerald M. Gallivan, Wyoming Defender Aid Program, and Barbara L. Lauer, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Patrick Day, Legal Intern, Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant Ralph H. Fife was tried and convicted on charges of aggravated burglary and aggravated assault and battery with a dangerous weapon. He was not sentenced for aggravated assault and battery with a dangerous weapon. Appellant appeals his conviction for aggravated burglary on the grounds of insufficient evidence to support the verdict, and the form of the verdict.

We will reverse and remand for new trial.

On March 18, 1982, at 5:30 a.m. Sharon Underwood awoke to the clock radio in her bedroom. She reached out to turn off the radio so as not to awaken Mr. Williams, who was asleep in the same room. As she reached toward the radio, she discovered a man kneeling next to her bed. Mr. Williams was awakened by her outcry and sat up in bed. The intruder then reached across Underwood and struck Williams on the knee with a hammer that he had ac-

quired after entering the apartment. Williams began to struggle with the intruder and, with Underwood's help, he was able to turn the hammer to his advantage. After three blows to the intruder's head, Williams finally subdued him until the police arrived. The intruder was later identified as appellant Ralph H. Fife, who was not acquainted with either Underwood or Williams.

The evidence showed that the appellant and a companion had been carousing from approximately 10:00 p.m. until 4:00 a.m. the morning of March 18. At approximately 5:00 a.m. Fife drove his companion to the apartment complex where Underwood lived. After dropping off his companion, Fife went to the Underwood apartment and entered through a door which had been left unlocked. Upon entering Underwood's apartment, Fife at some point locked the door and procured a hammer that belonged to Underwood. He then entered Underwood's bedroom.

Appellant was charged with committing two crimes, 1) aggravated burglary, and 2) aggravated assault and battery with a dangerous weapon. He was charged in Count I [1] of the amended information with aggravated burglary with the intent to steal or with the intent to commit aggravated assault and battery with a dangerous weapon pursuant to § 6–7–201, W.S.1977, revised and renumbered § 6–3–301, W.S.1977 (June 1983 Replacement).[2]

---

**1.** Count I of the amended information stated that defendant:

" * * * intentionally enter[ed] a dwelling, to-wit: 2401 Grandview # 33, Casper, Natrona County, Wyoming, without the consent of the person in lawful possession, to-wit: Sharon Underwood, with intent to steal therein, and while therein commit a battery upon a person lawfully therein, to-wit: Conlin P. Williams, or with the intent to commit a felony therein, to-wit: aggravated assault and battery with a dangerous weapon and while therein commit a bettery [sic] upon a person lawfully therein, to-wit: Conplin [sic] P. Williams, in violation of W.S.1977, §§ 6–7–201(a)(i) and (b)(iv) and 6–4–506(b) * * *."

**2.** Section 6–7–201, W.S.1977, reads:

"(a) Whoever, intentionally enters, or attempts to enter, any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than fourteen (14) years:

"(i) Any building or dwelling; or

 * * * * * *

"(b) Whoever violates subsection (a) under any of the following circumstances may be imprisoned not less than five (5) years nor more than fifty (50) years:

 * * * * * *

"(ii) While unarmed, but arms himself with a dangerous weapon while still in the burglarized enclosure; or

 * * * * * *

The amended information alleged two alternative forms of intent whereby appellant could have been found guilty of aggravated burglary. These two forms of intent give rise to three ways the jury could have found appellant guilty of Count I: the jury could have found an intent to steal, an intent to commit aggravated assault and battery with a dangerous weapon, or part of the jury could have found an intent to steal and part an intent to commit aggravated assault and battery with a dangerous weapon.

In Count II of the information, appellant was charged with aggravated assault and battery with a dangerous weapon. Section 6–4–506, W.S.1977, revised and renumbered as § 6–2–502, W.S.1977 (June 1983 Replacement).

Appellant was convicted of both charges by a jury but the trial court only sentenced him on the aggravated burglary count. Therefore, we address the aggravated burglary conviction exclusively in this appeal.

> The issues as framed by appellant are: "The trial court erred in denying defendant's post-verdict motion for judgment of acquittal on the aggravated burglary count because there was not sufficient evidence to support a finding of either intent to steal or intent to commit an assault, the two bases alleged in the information.
>
> "A general verdict of guilty returned on an aggravated burglary count which alleges in the alternative intent to steal or intent to commit an assault violates defendant's right to a unanimous jury verdict on all essential elements of a crime.
>
> "Where alternative theories of guilt are submitted to a jury and a general verdict of guilty is returned which does not specify which theory the jury unanimously agreed upon, insufficiency of any alternative submitted is fatal to the verdict."

We will begin by discussing the trial court's denial of appellant's motion to acquit. Appellant correctly describes our standard of review for a denial of a motion for judgment of acquittal.

> " 'In reviewing the denial of a motion for judgment of acquittal, we examine and accept as true the evidence of the prosecution together with all logical and reasonable inferences to be drawn therefrom, *Aragon v. State*, Wyo., 627 P.2d 599, 602 (1981); *Chavez v. State*, Wyo., 601 P.2d 166, 168 (1979); *Russell v. State*, Wyo., 583 P.2d 690, 694 (1978), leaving out entirely the evidence of the defendant in conflict therewith, *Grabill v. State*, Wyo., 621 P.2d 802, 803 (1980); *Chavez v. State*, supra; *Russell v. State*, supra.
>
> " 'A motion for judgment of acquittal is to be granted only when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime. Or, stated another way, if there is substantial evidence to sustain a conviction of the crime, the motion should not be granted. * * * ' *Leppek v. State*, 636 P.2d 1117, 1119 (Wyo.1981). Also see *Jacobs v. State*, 641 P.2d 197, 197 (Wyo.1982)."

We note that a motion for acquittal raises the question of sufficiency of the evidence, a determination which is within the sound discretion of the trial court. *Montez v. State*, Wyo., 527 P.2d 1330 (1974).

Appellant argues that his motion for acquittal on the aggravated burglary charge should have been granted because of the lack of sufficient evidence to support a finding of either intent to steal or intent to commit a felony, in this case, aggravated assault and battery with a dangerous weapon. The trial court denied appellant's motion for judgment of acquittal on the record and in a decision letter dated March 24, 1983. The trial court stated that it " * * * agrees that there was no evidence of intent to assault, but that there was

"(iv) While in the burglarized enclosure commits a battery upon a person lawfully therein."

evidence to support a finding of intent to steal; accordingly the motion is denied notwithstanding Court's agreement with defense as to one of the legs this conviction stands on."

 The court's decision in effect holds that there was no evidence, as a matter of law, from which the jury could have determined that the defendant, Fife, had the requisite intent to assault. We consider the court's decision to be the law of this case and do not review that determination. Therefore, the evidence was legally insufficient on the intent to assault alternative of the aggravated burglary count and should not have been submitted to the jury. 2 Wright, Federal Practice and Procedure: Criminal 2d § 470, p. 679 (1982). A jury determination of guilt for aggravated burglary based upon intent to assault would be contrary to law. The jury's conviction for aggravated burglary could only properly be based upon an intent to steal. If the jury had determined that the appellant entered with an intent to assault and not with an intent to steal, the trial court would have been required to grant appellant's motion for acquittal because of the apparent lack of sufficient evidence. Herein lies the problem; because of the general verdict, we do not know whether the jury based its conviction for aggravated burglary upon an intent to steal or an intent to assault.

The verdict in this case asked the jury to decide only two questions; the first being, is the defendant guilty or not guilty of the aggravated burglary count, and secondly, is the defendant guilty or not guilty of the aggravated assault and battery with a dangerous weapon count.[3] The jury did in fact find the defendant guilty of both counts. In Count I we cannot tell from the form of the verdict, however, whether the jury found the defendant guilty of the aggravated burglary charge based upon an intent to steal, or an intent to commit aggravated assault and battery with a dangerous weapon, or if part of the jury found an intent to steal and part found an intent to commit aggravated assault and battery with a dangerous weapon.

If both theories of intent submitted to the jury were sufficiently supported by the evidence, we could uphold the general verdict on the aggravated burglary charge. See *State v. Dixon*, 127 Ariz. 554, 622 P.2d 501 (1980); *People v. Failla*, 64 Cal.2d 560, 51 Cal.Rptr. 103, 414 P.2d 39 (1966); *Wells v. Commonwealth*, Ky., 561 S.W.2d 85 (1978); *State v. Hazelette*, 8 Or.App. 44, 492 P.2d 501 (1972). However, there was insufficient evidence as a matter of law to support the intent to assault element. We cannot uphold a general jury verdict when one of the alternate theories upon which the jury could have relied is in error. *Sunkist Growers, Inc., et al. v. Winckler & Smith Citrus Products Co.*, et al., 370 U.S. 19, 82 S.Ct. 1130, 8 L.Ed.2d 305, reh. denied, 370 U.S. 965, 82 S.Ct. 1577, 8 L.Ed.2d 834 (1962), citing *Markley v. Baldwin*, 112 U.S. 490, 5 S.Ct. 278, 28 L.Ed. 822 (1884). If one of the alternate theories submitted to the jury is unsupported by substantial evidence, the general verdict must be set aside unless the court can ascertain that the verdict was founded upon a theory supported by substantial evidence. *State v. Carothers*, 84 Wash.2d 256, 525 P.2d 731 (1974). The intent to commit aggravated assault and battery with a dangerous weapon element of the aggravated burglary charge was unsupported by substantial evidence and we cannot say with certainty that the jury based its conviction on the intent to steal.

---

**3.** The verdict read as follows:

"VERDICT

"The Jury, duly empaneled to try this case, finds the defendant:

"COUNT I
"AGGRAVATED BURGLARY
"(X) GUILTY
"( ) NOT GUILTY

"COUNT II
"AGGRAVATED ASSAULT AND BATTERY
WITH A DANGEROUS WEAPON
"(X) GUILTY
"( ) NOT GUILTY

"/s/ William M. Spicer
FOREPERSON"

■ Submitting claims to the jury which have no foundation in the evidence allows the jury to engage in conjecture or to speculate as to the defendant's guilt. *Russell v. State,* Wyo., 583 P.2d 690, 694 (1978), citing *United States v. Bethea,* 442 F.2d 790 (D.C.Cir.1971). Parties are entitled to proper instructions covering their respective theories *regarding the evidence submitted. Barber v. Sheridan Trust & Savings Bank,* 53 Wyo. 65, 78 P.2d 1101 (1938).

■ We hold that it was error to instruct the jury on the intent to commit aggravated assault and battery element of the aggravated burglary when there was insufficient evidence to support the instruction. We further hold that the general verdict must be set aside because we cannot determine if the jury based its conviction upon the erroneous instruction. We therefore reverse and remand for a new trial.

THOMAS, Justice, specially concurring.

I concur with the result reached by the court in this case. I can agree with the determination that there was insufficient evidence to support an entry with intent to commit an assault and battery with a dangerous weapon only on the ground that it has become the law of this case by virtue of the ruling of the district court. Were I free to consider the sufficiency of the evidence of intent to commit assault and battery with a dangerous weapon vel non I would agree with Chief Justice Rooney that there is sufficient evidence present to permit the jury to draw that inference under the circumstances of this case.

It seems to me that it is a careless practice to fail to dispose of a criminal conviction, such as Count 2 of this case, after a jury verdict has been entered. When a conviction has been reached in a criminal case the matter should be terminated by the entry of a Judgment and Sentence by the court in the interests of efficient jurisprudence.

I would point out that if he wished to appeal from that conviction the defendant in this case could not do so. No final order has been entered. Conversely, should the State or any other jurisdiction have occasion to want to rely upon that conviction for any purpose, I suspect that it would be difficult to demonstrate. It has been left in limbo. In my view it is the responsibility of the trial court to attend to the resolution of loose ends such as this even though it well may rely upon the prosecutor's office for the documentation.

ROONEY, Chief Justice, specially concurring.

I do not agree with the trial judge's assertion that "there was no evidence of intent to assault." A jury could make a finding from all of the evidence that there was no intent to assault when the breaking and entering occurred. However, in doing so it would have to evaluate the fact that appellant armed himself with a hammer immediately after the entrance, and that he actually used it. Such is evidence to be considered in determining whether or not appellant had the intent at the time he entered to obtain a weapon within the house and to use it if he were discovered.

The trial court took this consideration from the jury and, thus, it is not pertinent to the issues here presented. The decision in this case should not be taken as a determination by all of this court that these facts are not evidence of such intent, and, thus, used as a precedent of a united court.

I also note that appellant was found guilty of a second count of aggravated assault and battery. He was not sentenced on it and the appeal is not from that conviction. The trial court need not retry that count. It can now sentence him under it.