687 P.2d 1001

The STATE of Idaho, Plaintiff-Respondent,

v.

Joe E. HEISTAND, Defendant-Appellant.

No. 15173.

Court of Appeals of Idaho.

Sept. 17, 1984.

August H. Cahill, Deputy Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Warren Felton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Joe Heistand appeals from judgments of conviction for first degree burglary and for grand theft by disposing of stolen proper-

ty. He challenges an evidentiary ruling made during trial and he contends the sentences he received were an abuse of discretion. We affirm.

A Boise home was burglarized twice during June, 1982. Joe Heistand was apprehended in the house during the second burglary. The police investigation indicated that Heistand had pawned or sold items taken from the house in the first burglary. Heistand was charged with two counts of burglary in the first degree and with a single count of grand theft by disposing of stolen property. Following jury trial, Heistand was found not guilty of the first burglary, but was found guilty of the second burglary and of the grand theft charge.

I

We will address first Heistand's contention that the trial court erred in admitting testimony from Heistand's niece that she accompanied him on several occasions when he visited some "pawnshops." The evidence was adduced in the following sequence. First, the owner of the burglarized home identified a number of pieces of silverware as having been taken from her home on June 20, 1982 in the first burglary. Next, Heistand's ten-year old niece testified that, on several occasions within a few days after June 20, she accompanied Heistand when he visited several pawnshops in the Boise area. She testified that he took silverware into two pawnshops. The state then called the owner of an antique store as a witness. The store owner identified Heistand as the person who had sold her some silverware in the latter part of June or early part of July 1982. The store owner further recognized the pieces of silverware identified by the owner of the burglarized home as being the same pieces sold by Heistand at the antique store.

■ Heistand contends the testimony from his niece was irrelevant and prejudicial because it connected him to "bad acts" unrelated to the crimes for which he was charged. We disagree.

■ Although evidence of unrelated criminal activity is generally inadmissible to show criminal propensity on the part of the accused, *State v. Needs*, 99 Idaho 883, 591 P.2d 130 (1979), Heistand's argument is ill conceived. The niece did not testify to criminal acts or other bad conduct by Heistand. Selling or pawning personal property is a neutral act which does not by itself attest to criminal propensity likely to inflame the average juror against a defendant. However, the evidence concerning the specific property pawned was highly relevant. Evidence that an accused sold property similar to items taken in a recent burglary is circumstantial evidence of the defendant's guilt, although alone insufficient to sustain a guilty verdict. *See State v. Bullis*, 93 Idaho 749, 472 P.2d 315 (1970) (evidence of possession by defendant of unidentified property of the same general description as recently stolen property is admissible circumstantial evidence); *State v. Williams*, 103 Idaho 635, 651 P.2d 569 (Ct.App.1982) (unexplained possession of recently stolen property raises an inference but not a presumption of guilt). Here, other witnesses were able to provide the link between Heistand and the property stolen during the first burglary. The niece's testimony not only corroborated the antique dealer's testimony as to identification, it also was another link in a chain of circumstantial evidence. We conclude that the niece's testimony was properly admitted.

II

Heistand also contends that the district court abused its discretion in sentencing him to a fixed, seven-year term for the burglary and to a consecutive, indeterminate term not to exceed five years for grand theft. He could have been sentenced to fifteen years on the burglary conviction and to fourteen years on the grand theft conviction. *See* I.C. § 18–1403 and I.C. § 18–2408. Additionally, the record shows that Heistand was a persistent violator and, because of that status, could have been sentenced to life imprison-

ment. *See* I.C. § 19–2514.[1] The district court acknowledged that Heistand might serve no more than five years on the burglary conviction by receiving a "good time" reduction. I.C. § 20–101A. *See also State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct. App.1983).

■ A sentence within the statutory maximum will not be disturbed on appeal absent a clear abuse of discretion. A sentence shown to be unreasonable upon the facts of the case represents a clear abuse of discretion, but a term of confinement that appears necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation and retribution is reasonable. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

Heistand, age twenty-eight at the time of sentencing, admitted that he had seriously abused drugs for fifteen years. The record shows that he had been incarcerated in penal institutions at least three times, for approximately eight and one-half of the previous ten years, and that all of his earlier convictions involved narcotics or theft offenses related to his drug dependency. Further, at sentencing, he admitted the burglary upon which he was found guilty here occurred just two months after he had been finally released from the Idaho State Penitentiary.

The district court, after hearing testimony concerning the disposition of Heistand's case, discussed the various objectives of a criminal sentence. Because the court believed that Heistand's drug dependency would result in future criminal conduct, the court determined that protecting society was the most pressing consideration. The court also decided, in light of Heistand's conduct and prior record, that retribution and deterrence would be furthered by a fixed term of confinement. Although Heistand asked for commitment to a drug rehabilitation program, the court considered Heistand's request but concluded the possibility of successful completion by Heistand would be extremely remote.

Heistand received credit for time served in jail prior to imposition of sentence. Assuming that Heistand may receive good time reduction on his fixed sentence, *State v. Miller, supra,* and applying our one-third standard to the indeterminate sentence, *State v. Toohill, supra,* Heistand could become parole eligible for release from incarceration after serving approximately six and one-half years of the combined fixed and indeterminate sentences.

■ We believe that the fixed seven-year sentence and the five-year indeterminate sentence reasonably can be viewed as necessary to accomplish the primary objective of protecting society from Heistand's conduct. We conclude that the district court did not abuse its discretion.

The judgments of conviction and sentences are affirmed.

---

**1.** Heistand was charged, in addition to the substantive crimes of burglary and grand theft, with being a persistent violator because of prior felony convictions. Following trial, he admitted the persistent violator status. However, the trial court did not sentence Heistand as a persistent violator.