**Vincent APODACA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 89–198.**

Supreme Court of Wyoming.

Aug. 30, 1990.

Leonard D. Munker, State Public Defender, and Stephen Michael Kissinger (argued), for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Karen A. Byrne, Sr. Asst. Atty. Gen. (argued), for appellee.

Before CARDINE, C.J.*, and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Justice.

Vincent Apodaca was convicted of attempted sexual assault under W.S. 6–1–301

* Chief Justice at the time of oral argument.

and 6–2–302(a)(i) for an attack upon his 65–year–old neighbor. Apodaca claims the evidence showed he abandoned and renounced his effort. He challenges the denial of his motion for acquittal based upon the alleged abandonment.

We affirm.

Apodaca frames the sole issue as whether

"[t]he District Court Erred by Refusing to Enter a Judgment of Acquittal in Favor of Appellant both at the Conclusion of Appellee's Case and After the Jury Returned a Verdict of Guilty."

On Christmas Eve of 1988, AM, a 65–year–old widow, was resting on her couch in her Cheyenne home after lunch when her door bell rang. Apodaca, her neighbor, was at the door. AM invited him to enter and offered him a beer. Apodaca declined the beer and stated he had come to the house "because I am going to have you." Apodaca grabbed AM, dragged her into the bedroom, and threw her onto the bed. The dragging caused bruises to her arms. As he pulled down her pants, one side at a time, AM resisted by pulling the other side of her pants back up. AM resisted the attack as soon as it started. Her resistance culminated when AM kneed Apodaca between the legs and hit him in the face as he attempted to unbuckle his pants. At that point, Apodaca stopped his aggression. He said he was sorry and pleaded with AM not to call the police. AM told Apodaca she would not call the police in order to get him to leave her house. She contacted the police after he left. Apodaca was arrested driving on a street in Cheyenne shortly thereafter.

Apodaca was charged with attempted sexual assault. His case was tried to a jury on May 30 through June 1, 1989. At the close of the State's evidence, Apodaca moved for judgment of acquittal, pursuant to W.R.Cr.P. 30, based on lack of intrusion and renunciation of the crime. The court denied the motion. It found the evidence indicated that Apodaca had made a substantial step toward commission of the crime and an issue of fact existed as to whether the renunciation was voluntary.

Apodaca's defense was that the crime never actually happened. He relied upon the direct and cross-examination of the victim for evidence of his abandonment and renunciation of the attempt. At the close of the evidence, his renewed motion for acquittal was again denied by the court. The court included an instruction on abandonment and renunciation when the case went to the jury. The jury found Apodaca guilty of attempted sexual assault. The court sentenced Apodaca to eight to 25 years in the state penitentiary.

■ When reviewing a denial of a motion for judgment of acquittal, we accept as true the evidence of the prosecution, together with all logical and reasonable inferences to be drawn therefrom, leaving out entirely the evidence of the defendant in conflict. *Washington v. State*, 751 P.2d 384, 386 (Wyo.1988).

"A motion for judgment of acquittal is to be granted only when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime. Or, stated another way, if there is substantial evidence to sustain a conviction of the crime, the motion should not be granted. This standard applies whether the supporting evidence is direct or circumstantial." (citations omitted) *Leppek v. State*, 636 P.2d 1117, 1119 (Wyo.1981).

■ The defense of renunciation is codified in W.S. 6–1–301(b), which states in pertinent part:

"A person is not liable under this section if, under circumstances manifesting a voluntary and complete renunciation of his criminal intention, he avoided the commission of the crime attempted by abandoning his criminal effort. *Within the meaning of this subsection, renunciation of criminal purpose is not voluntary if it is motivated, in whole or in part, by circumstances, not present or apparent at the inception of the person's course of conduct, which increase the probability of detection or apprehension or which make more difficult the accomplishment of the criminal intention.*" (emphasis added)

Prior to 1983, the above statute described voluntary renunciation and abandonment of a crime in general terms. Following our discussion on this subject in *Haight v. State*, 654 P.2d 1232 (Wyo.1982), the legislature added the language we have emphasized in this statute. Wyo.Sess.Laws 1983, Ch. 171, § 1. In addition to that stated, we note here also that renunciation and abandonment are not available as defenses after the actor has injured his victim. *Ramirez v. State*, 739 P.2d 1214, 1216 (Wyo.1987).

Substantial evidence was presented in this case to show that Apodaca stopped his assault only after AM resisted to the point of injuring him. AM testified that she injured him, after which Apodaca stopped his attack. Other evidence at the trial included photographs of marks on his face and chest following his arrest and testimony that these marks were present before his arrest shortly after the attack. The evidence supports the inference that AM's resistance made completion of the crime more difficult than Apodaca had anticipated. *Haight*, 654 P.2d at 1242. Thus, his cessation of the rape attempt was not voluntary under W.S. 6-1-301(b). The evidence also showed that before Apodaca stopped the attack he had injured AM. The trial court correctly denied his motion for acquittal.

Affirmed.