Dennis BLACK, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–131.

Supreme Court of Wyoming.

March 2, 1994.

William L. Miller of Miller and Fasse, P.C., Riverton, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Senior Asst. Atty. Gen., Mary Beth Wolff, Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, Nathaniel T. Trelease, and Kelly Rankin, Student Interns., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

Appellant, Dennis Black, appeals his conviction and sentence for forgery. Appellant was charged with forgery and fraud by check, and contends the district court erred by denying his motion to require the State to elect between the alternative charges filed against him. Appellant also finds error in the district court's denial of a motion for a new trial.

We affirm.

## I. ISSUES

Appellant raises the following issues:

A. Did the District Court err in denying Defendant's Motion to Require the State to Elect the Charge it wished to proceed with?

B. Did the District [Court] err in denying Defendant's Motion for a New Trial?

The State, appellee, frames the issue in this manner:

Did the district court properly deny appellant's motion to compel the State to elect between the charges of forgery and fraud by check, and properly deny appellant's new trial motion which alleged that the district court erred in denying the motion to compel election?

## II. FACTS

On December 13, 1991, Dennis Black (Black) purchased sixteen horses and other livestock from the Riverton Livestock Auction (Riverton Livestock) in Riverton, Wyoming. Black gave the manager of Riverton Livestock a check for $7,495.00 the following day as payment for the horses. The check was drawn upon the account of Black's wife, Myra Black, at the Rocky Mountain Bank of Riverton (Rocky Mountain Bank). The check showed the signature of "Myra Black." Rocky Mountain Bank twice refused to honor the check due to insufficient funds.

Subsequently, criminal charges were filed against Myra Black, alleging she had issued a fraudulent check to Riverton Livestock. On March 10, 1992, the morning Myra Black was scheduled to appear in court on the fraud by check charge, Black telephoned the Fremont County, Wyoming prosecutor. Black stated that Myra Black had not signed the check in question and confessed that he had signed Myra Black's name.

The next day, Myra Black executed an "Affidavit as to Forged Signature," stating she had neither signed nor authorized any person to sign for her the check given to Riverton Livestock. The fraudulent check charge against Myra Black was dismissed.

Black was subsequently charged in two informations with one count of fraud by check in violation of Wyo.Stat. § 6-3-702(a) and (b)(iii) (1988) and one count of forgery in violation of Wyo.Stat. § 6-3-602(a)(iii) (1988). Both charges were based on the check Black used to pay for the horses purchased from Riverton Livestock. The separate informations were treated as one throughout the proceeding.

During the pretrial conference, the prosecutor stated he planned to seek a conviction in the alternative. Black submitted a motion for election of charge at the pretrial conference and timely filed other motions to elect throughout the proceeding.

During the trial, the State presented Myra Black's "Affidavit as to Forged Signature" and her Rocky Mountain Bank records showing a balance insufficient to cover the check at the time it was written and during both times it was presented for payment. The owner of Riverton Livestock testified that he never received any compensation for the horses.

After the close of the State's case, Black moved for dismissal of the charge of fraud by check on the ground that the State had "disproven [sic] one of the essential elements of the fraud by check." The district court took the motion under advisement and directed Black to proceed with his defense if he so desired. Black renewed his motion to compel election between the charges and the district court denied the motion. Counsel for Black rested, presenting no defense.

The district court instructed the jurors to consider the forgery charge first. Only if the jury found Black not guilty of forgery were they to consider the alternative charge of fraud by check. The district court clearly presented the necessary elements for each crime charged. The verdict form expressly reflected the district court's instruction.

The jury found Black guilty of forgery. Black immediately moved for a judgment of acquittal, alleging that the district court's failure to require the State to elect had prevented him from presenting his defense on the forgery charge. The district court denied the motion. On March 2, 1993, Black filed a motion for a new trial. That motion

was denied following a hearing on April 14, 1993. Black was sentenced on April 28, 1993.

## III.  DISCUSSION

Rule 14 of the Wyoming Rules of Criminal Procedure provides, in pertinent part:

Relief from prejudicial joinder.

If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information or citation, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

█ The language in this rule is permissive; thus, refusal to grant relief is discretionary and "will be reviewed under our traditional abuse-of-discretion standards." *Ostrowski v. State*, 665 P.2d 471, 484 (Wyo. 1983). "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances." *Martinez v. State*, 611 P.2d 831, 838 (Wyo. 1980). *See also, King v. State*, 780 P.2d 943, 947 (Wyo.1989); *Best v. State*, 769 P.2d 385, 387 (Wyo.1989); and *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986). We have defined judicial discretion in general terms, allowing each case to be determined on its own peculiar facts. *Martin*, 720 P.2d at 897. Ultimately, in our review of judicial discretion, we consider whether the district court could have reasonably decided as it did. *Cavender v. State*, 860 P.2d 1162, 1164 (Wyo.1993).

We have held that the state is entitled to charge, try and submit multiple offenses to the jury, even where a defendant could not have been convicted of both. *Rivera v. State*, 840 P.2d 933, 944 (Wyo.1992); *Vigil v. State*, 563 P.2d 1344, 1351 (Wyo.1977). In *Rivera*, 840 P.2d at 944, we said:

[T]he State was entitled to charge both offenses, and it was entitled to have them presented to the jury. The State had no way of anticipating how the evidence may be perceived by a jury or what the conclusion of the jury might be with respect to the charged offenses.

█ Unless a clear abuse of discretion is shown, a refusal to sever charges is not subject to reversal. *Hopkinson v. Shillinger*, 645 F.Supp. 374, 391 (D.Wyo.1986), *aff'd in part and remanded in part on other grounds*, 866 F.2d 1185 (10th Cir.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3256, 111 L.Ed.2d 765 (1990). "To find an abuse of discretion, the reviewing court must find that the joinder caused either actual or threatened deprivation of one's right to a fair trial." *Id.*

Where our state rules of criminal procedure substantially parallel the Federal Rules of Criminal Procedure, we have accorded great significance to appropriate precedent from federal courts, especially the United States Supreme Court. *Mehring v. State*, 860 P.2d 1101, 1107 (Wyo.1993). In considering the case before us, we look to *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), and its progeny, for support in our holding that it is proper to charge a defendant on multiple offenses, even where, as in *Rivera*, it is not possible for a conviction on both charges. *See, e.g., United States v. Brown*, 996 F.2d 1049, 1053 (10th Cir.1993).

In *Gaddis*, the United States Supreme Court responded to the circuit courts' discordant views regarding its earlier rule in *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). *Gaddis*, 424 U.S. at 547, 96 S.Ct. at 1025–26. *Milanovich* required that a new trial be allowed when a jury erroneously finds a defendant guilty of mutually exclusive charges. *Milanovich*, 365 U.S. at 554–55, 81 S.Ct. at 729–30.

In *Gaddis*, the United States Supreme Court refined *Milanovich*:

If, upon the trial of the case the District Judge is satisfied that there is sufficient evidence to go to the jury on both counts, he must, under *Heflin* [*v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959)] and *Milanovich*, instruct the members of the jury that they may not convict the defendant both for robbing a bank and for receiving the proceeds of the robbery. He should instruct them that *they must first consider the charges under [robbery] and should consider the [receiving the proceeds charge] only if they find insufficient*

*proof that the defendant himself was a participant in the robbery.*

*Gaddis,* 424 U.S. at 550, 96 S.Ct. at 1027 (emphasis added).

■ We identify an elemental premise in the above cases: it is proper to submit to the jury mutually exclusive charges as long as the jury is instructed that it must decide guilt in the alternative and in a given sequence. A defendant in a *Gaddis* situation might be faced with the dilemma of conflicting defenses. This dilemma does not automatically cause prejudice; it merely affects tactics.

In *United States v. Archer,* 843 F.2d 1019, 1021 (7th Cir.), *cert. denied,* 488 U.S. 837, 109 S.Ct. 100, 102 L.Ed.2d 76 (1988), the United States Court of Appeals for the Seventh Circuit ruled that the trial court did not err in refusing to sever two counts charging a prisoner with intent to facilitate escape from prison, even though the prisoner claimed that joinder harmed his defense. Archer argued that he had a strong need to testify in his defense on the first count and felt his testimony would be harmful on the second count. *Id.* The court refused Archer's claim and held that

"[s]everance is not mandatory every time a defendant wishes to testify to one charge but to remain silent on another. If that were the law, a court would be divested of all control over the matter of severance and the choice would be entrusted to the defendant."

*Id.* at 1022 (quoting *United States v. Peters,* 791 F.2d 1270, 1278 (7th Cir.), *cert. denied sub nom., Odoner v. United States,* 479 U.S. 847, 107 S.Ct. 168, 93 L.Ed.2d 106 (1986); and *Holmes v. Gray,* 526 F.2d 622, 626 (7th Cir.1975), *cert. denied,* 434 U.S. 907, 98 S.Ct. 308, 54 L.Ed.2d 194 (1977)).

In *Pote v. State,* 695 P.2d 617, 624 (Wyo. 1985) (quoting *United States v. Harris,* 458 F.2d 670, 673 (5th Cir.), *cert. denied sub nom., Scott v. United States,* 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145 (1972)), this court acknowledged the following general rule regarding severance:

"If, as a practical matter, the natures of the offense or of the evidence are of such a character or are so complicated that a jury could not reasonably be expected to separate the indictments or the defendants and to evaluate the evidence properly and individually against each separate defendant on each separate charge, then the trial judge should sever the trials."

Pote, charged with various property offenses, argued that the " 'sheer mass of evidence introduced on the multitude of charges against [him] irreparably prejudiced his right to a fair trial.' " *Pote,* 695 P.2d at 623. Charges against Pote were uncomplicated and relatively easy to understand. There was no indication that the jury could not separate the evidence in support of one crime from the evidence in support of the other crime. Pote did not meet his burden to establish facts demonstrating that juror confusion rose to the level of prejudice. This court further said:

In giving the instructions the trial court carefully defined in clear and understandable language each crime charged and the necessary proofs that the state must make. The jury was specifically instructed that each charge must be considered separately. The trial court did not abuse its discretion in denying a motion to sever the various counts in the information.

*Id.* at 624.

■ Black speculates that his probable defense against one charge hindered his potential defense of the other and that he was prejudiced by having to defend both charges at the same trial. The need for severance does not arise until there has been a convincing showing that a defendant had both important testimony to give concerning one count and a strong need to refrain from testifying on the other. Black bears the heavy burden of showing real prejudice to his case. *Pote,* 695 P.2d at 624; *see also, Dobbins v. State,* 483 P.2d 255, 259 (Wyo.1971).

■ In the circumstances of this case, we can identify no prejudice resulting from having to defend against two clearly presented charges during the same trial. The record indicates that Black did not testify and was apparently not planning to testify on his own behalf, even if he had presented a defense.

Rather, Black supposed that, had the charges been severed, his wife, Myra Black, would have testified regarding the forgery charge. We have no proof that Myra Black would have testified or what she would have said had she testified. The State presented adequate independent evidence to show that Myra Black did not authorize anyone to sign her name on the check, that Black gave the check to Riverton Livestock as payment for the horses he had purchased, that the check was issued with insufficient funds, and that the check was never made good.

The State offered uncomplicated evidence on both charges against Black. *Pote*, 695 P.2d at 624. The district court properly left the weighing of that evidence to the jury and properly instructed the jury not to convict Black on both charges, including providing instructions as to the sequence for considering the charges against him. Black was charged in the alternative because the State had evidence to go forward on both charges; but in the interest of fairness, chose to go forward in the alternative. Black made a tactical decision to offer no defense and he is not entitled to claim prejudice simply because he would have had a better chance of acquittal with separate trials. *Hopkinson*, 645 F.Supp. at 391.

We hold that Black was not prejudiced by the charging in the alternative and the district court did not abuse its discretion by refusing to sever the charges.

Throughout the district court proceedings and in this appeal, Black persistently argued that our decision in *Binger v. State*, 712 P.2d 349 (Wyo.1986) held that forgery and fraud by check are mutually exclusive crimes and, therefore, cannot be charged in the alternative. One of the issues we addressed in

*Binger* was whether the defendant had been properly charged with forgery rather than fraud by check. *Id.* at 354–55. Mutual exclusivity of the two offenses was not addressed by this court then and it is unnecessary to address it here. *Binger* only states that the two are separate crimes with separate elements and that the defendant in that case was properly charged. *Id.* at 355.

■ We agree with the district court that there was insufficient evidence of prejudice to merit a new trial. A decision to grant or deny a new trial is within the sound discretion of the district court and we will not disturb a ruling absent an abuse of that discretion. *Barnes v. State*, 858 P.2d 522, 536 (Wyo.1993); *Sisneros v. City of Laramie*, 773 P.2d 933, 935 (Wyo.1989); W.R.Cr.P. 33. Again, Black can only speculate as to the possible testimony his wife might have offered at a new trial. This is not newly discovered evidence pursuant to W.R.Cr.P. 33(c). Black should have presented his evidence at the original trial. We hold the district court did not abuse its discretion in refusing to grant a new trial.

## IV. CONCLUSION

Black failed to meet his burden to show prejudice, either as a result of the district court's refusal to grant severance or its refusal to grant a new trial.

We affirm the conviction and sentence.