**Samuel Howard DENMON,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 99–80.**

Supreme Court of Wyoming.

Nov. 5, 1999.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Monique McBride, Assistant Appellate Counsel.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Barbara L. Boyer, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Appellant Sam Denmon claims he was denied effective assistance of counsel when he was tried and convicted of one count of aggravated assault. We find that counsel's performance was not deficient, and we affirm.

## FACTS

The events leading to Appellant's arrest occurred during an altercation between Appellant and his roommate, Juanita Tibbett, on May 26, 1998. The companions had moved together from Yakima, Washington to Sheridan, Wyoming in March of 1998, and lived in a travel trailer until Tibbett rented a one-bedroom apartment. Tibbett slept in the bedroom, while Appellant slept in the living room. Tibbett testified that on May 26, 1998, Appellant had been drinking heavi-

ly. Appellant and Tibbett started to argue, and Tibbett told Appellant to remove his belongings from the apartment. At that point, Appellant took a rifle from under the mattress, loaded it, and pointed it at Tibbett. Appellant then said, "[h]ow would you like to die now, bitch?" Tibbett testified that at that point, Appellant teetered back into the wall. She then left the apartment and went to the neighbors to ask them to call the police.

Appellant's version of the events was diametrically opposed to that of Tibbett. He testified that he was the one who decided to leave the relationship, and while he was moving his belongings out of the apartment, he and Tibbett got into an argument over the apartment keys. Appellant stated that the argument occurred *after* he had moved the rifle from the apartment to a trailer parked outside the apartment. When the police arrived, Appellant showed them the rifle and ammunition in the locked trailer, but he was nonetheless arrested at that time.

Appellant's claim on appeal centers on witness testimony which followed Tibbett's unsolicited statements at trial indicating that there may have been previous incidents of domestic violence committed by Appellant. After Tibbett concluded her testimony, defense counsel moved for a mistrial. The motion was denied, and two officers subsequently testified that they knew Appellant prior to his arrest. Defense counsel did not object to this testimony. The jury found Appellant guilty of one count of aggravated assault, and this timely appeal followed. Appellant now claims that his counsel was ineffective in failing to object to the officers' testimony.

## ISSUES

Appellant presents this statement of the issue:

I. Whether Appellant was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and Article 1, Section 10 of the Wyoming Constitution.

Appellee rephrases the issue as:

Appellant's counsel properly and adequately represents him as required and guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Wyoming Constitution.

## STANDARD OF REVIEW

The standard of review for claims of ineffective assistance of counsel was recently stated in *Hornecker v. State*, 977 P.2d 1289 (Wyo.1999):

> In order to prevail on his claim of ineffective assistance of counsel, [Appellant] must make the dual showings that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Smith v. State*, 959 P.2d 1193, 1198 (Wyo.1998); *Martinez v. State*, 943 P.2d 1178, 1184 (Wyo.1997). We invoke a strong presumption that counsel rendered adequate and reasonable assistance, making all decisions within the bounds of reasonable professional judgment. *Mapp v. State*, 953 P.2d 140, 143 (Wyo.1998); *Jackson v. State*, 902 P.2d 1292, 1295 (Wyo. 1995).

*Id.* at 1291.

## DISCUSSION

Appellant maintains that his trial counsel's performance was ineffective because counsel failed to object during the testimony of the officers, and that this testimony compounded the prejudice caused by Tibbett's testimony regarding Appellant's prior acts of domestic violence. Appellant concludes that because the case revolved around the credibility battle between him and Tibbett, evidence of prior police contacts improperly allowed the jury to infer that if Appellant once physically abused Tibbett, he would do so again.

We can find no indication that counsel's performance was deficient or that the testimony of the officers prejudiced Appellant's case. Tibbett's unsolicited testimony regarding prior instances of domestic violence occurred during cross-examination. She stated, "[w]hen [Appellant] wasn't drinking, he was a very nice person; and he is. In fact, I told this to the police officers on the other two occasions that he [sic] had to come." Later on redirect, the witness again attempt-

ed to volunteer that Appellant "had gotten very violent with me before and shoved me into the wall." The prosecutor, however, immediately interrupted the witness and directed her to answer the question that was asked.

After Tibbett testified, the court took a recess. The judge and counsel went into chambers, where defense counsel objected to Tibbett's testimony regarding Appellant's alleged prior bad acts and requested a mistrial. The trial court denied the motion, finding that the comment was brief, contained no specifics, and was vague as to a time frame. This ruling is not challenged on appeal.

Following Tibbett's testimony, the prosecution called Officer Ford, who was one of the officers that responded to the call on the night in question. Officer Ford testified:

Q. What was the next thing that happened?

A. At that time I heard Officer Hall advise that he was in contact with the person who—Mr. Denmon.

Q. Had the dispatcher given you names of the parties involved?

A. Yes. And, also, I was familiar with the person from a prior contact.

Defense counsel did not object, and there was no further mention of any prior contact between Officer Ford and Appellant.

Officer Hall was the next witness. He testified as follows:

Q. What did you do?

A. The other officers and I had a brief discussion as to possibly setting up a perimeter, where to go. I responded to the scene first and pulled up into the northernmost parking lot of the apartment complex.

Q. And when you did that, did you observe anything?

A. Yes. As I pulled into the parking lot, I saw Mr. Denmon walking into the parking lot; and I recognized him to be Sam Denmon.

Q. You had known him before?

A. Yes.

Q. What did you do after you recognized Mr. Denmon?

A. When I saw that it was Sam Denmon, I radioed out to the other officers of who I had found and what I was out with. I then pulled up into the area where he was walking, kind of yelled, "Hey, Sam" to him; and he turned. I instructed him to put his hands up.

Again, there was no objection to this exchange.

Defense counsel's failure to object to this testimony is the basis for Appellant's claim that he received ineffective assistance of counsel. We find Appellant's claim without merit as to both the required elements. Counsel's failure to object is clearly a reasonable decision within the wide range of professionally competent assistance. Officer Ford's testimony stated only that he was familiar with Denmon from a "prior contact," and Officer Hall merely said he knew Appellant before he saw him that night. Neither of these statements reference a prior bad act, let alone a bad act involving abuse to Tibbett. Had counsel objected, the jury would have been alerted that the prior contacts were not of an innocent nature.

In addition, Appellant fails to show any prejudice caused by this testimony. Even were the jury to assume that the prior contacts were related to some criminal activity, Appellant himself testified in detail as to his prior familiarity with the officers. Appellant recounted an incident which occurred before the night of his alleged assault. Appellant stated that Tibbett was angry with him because he had given a television to the neighbors. Appellant later testified that on the night of his arrest, one of the policemen knew Appellant and wanted to know "if [he] had any more problems with the neighbors over that night that they were called about the TV."

Further, Appellant used this prior contact to establish a motive for the police to falsify their testimony, thus explaining the discrepancy between the officers' account of the night and Appellant's. On direct examination, Appellant's testimony directly contradicted the officers'. On cross examination, when Appellant was asked if he knew of "any reason whatsoever why Officer Hall would

have any animosity towards [Appellant] whatsoever," Appellant responded:

The only thing that I can think of is the girl that I was going to give the TV to, I had told him and the other officer when they came that night that they were having parties all night long and smoking dope and stuff like that out on the balcony until 3:00 and 4:00 o'clock in the morning. And at the time I didn't know that it was supposedly one of them's girlfriend that lived in the apartment.

Appellant cannot now claim his defense was prejudiced by the failure to object to testimony that the officers knew him; he used his prior contact with the same officers to impeach their credibility. Our review of the record leads to but one conclusion—Appellant received adequate assistance of counsel at trial, and his conviction did not result "from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

## CONCLUSION

The failure of Appellant's counsel to object to the testimony of two police officers did not constitute ineffective assistance of trial counsel. Appellant's conviction is affirmed.